**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Judy Dufour, | ) | No. CV-12-1579-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nationstar Mortgage LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 24, 2012, we entered an order granting defendants' motions to dismiss (doc. 8). Plaintiff did not respond to the motions and because we concluded that any amendment to the complaint would be futile we dismissed the case with prejudice. We now have before us defendant Nationstar Mortgage's motion for attorney's fees (doc. 10) and memorandum in support (doc. 13). Again, plaintiff did not respond to the motion and the time for doing so has expired.

Defendant contends that it is entitled to attorney's fees as the prevailing party pursuant to the promissory note and A.R.S. § 12-341.01. The promissory note provides that "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." Motion, ex. A. Here, plaintiff initiated this action in order to "[d]eclare the Deed of Trust to be null and void," and "the promissory note to be declared fully discharged." Complaint at 40. In defending this action, defendant sought to enforce

the note and deed of trust. Therefore, attorney's fees are proper under the parties' contract.[1]

Although the note provides that defendant is entitled to "all of its costs and expenses," we retain discretion to limit any such award to a reasonable amount. Defendant acknowledges that it is only entitled to "reasonable attorneys' fees." <u>Motion for Fees</u> at 3. Defendant seeks fees in the amount of $16,475.40. Under the circumstances of this case, we conclude that this request is not reasonable.

This was a simple matter that was resolved on an unopposed motion to dismiss. Defendant employed three lawyers, with hourly rates ranging from $346.00 to $247.00 an hour—with those fees in the higher range exceeding prevailing Phoenix rates on this kind of matter. The lawyers spent more than 54 hours defending against what they viewed as a frivolous complaint based on "legal notions that have been debunked and rejected countless times in this jurisdiction." <u>Motion to Dismiss</u> at 1. The legal questions presented, involving Arizona's deed of trust statute, and claims based on "show me the note" and "vapor money" theories are not novel, but instead have been repeatedly rejected by state and federal courts. We think 15 hours at $250.00 per hour, for a total award of $3,750.00, would be reasonable to get this frivolous complaint dismissed.

**IT IS ORDERED GRANTING** defendant's motion for an award of attorney's fees (doc. 10) in the amount of $3,750.00.

DATED this 19th day of November, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[1] We note that whether we apply the parties' contractual fee provision or A.R.S. § 12-341.01, our conclusion with respect to the fee award would be the same.